UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESMOND MICHAEL MORELAND, | No. 2:14-cv-0657 JAM CKD P |
| Petitioner, | |
| v. | ORDER AND |
| TIM VIRGA, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

    Petitioner is a California prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He has filed a request to proceed in forma pauperis. Examination of the request reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

    Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief.  The court has reviewed the habeas petition filed by petitioner.

    In 2001, petitioner was convicted of attempted murder and second degree robbery in Los Angeles County. Pet. at 49.[1]  An "abstract of judgment" issued July 26, 2002 reveals petitioner was sentenced to life imprisonment with the possibility of parole for attempted murder.  Id.  In

---

[1] Page numbers are those assigned by the court's electronic docketing system.

1  California, a person sentenced to life imprisonment with the possibility of parole is eligible for
2  parole after seven years.  Cal. Penal Code § 3046.  Petitioner's sentence for attempted murder
3  was enhanced with a twenty-five years-to-life consecutive term pursuant to Cal. Penal Code §
4  12022.53(d) because petitioner discharged a firearm and caused great bodily injury while
5  committing attempted murder.  Pet. at 49.  Petitioner was not sentenced for second degree
6  robbery.  Id.  See People v. Moreland, No. B150569, 2002 WL 31256883, at 1 (Cal. App.
7  October 8, 2002).

    Here, petitioner challenges the California Department of Corrections and Rehabilitation's
8  (CDCR) calculation of his "minimum eligible parole date" (MEPD) as July 31, 2031.  More
9  specifically, he asserts CDCR's interpretation that petitioner must serve 32 years before he is
10 eligible for parole instead of 25 (see e.g. pet. at 48) is erroneous.

    His argument is based upon the following pronouncement by Judge Charles Sheldon at
12 petitioner's sentencing:

> So count I is the attempted premeditated murder.  It's 25 to life as the determinative sentence; life is the indeterminative (sic) sentence on count I.  The Department of Corrections will determine how those two sentences are served, but I believe the determinative sentence will be served first, by law, and that's my finding at this time.

18 Pet. at 41.  Essentially, petitioner attempts to convince the court that this language reveals that it
19 was Judge Sheldon's intent to sentence petitioner only to 25 years-to-life and, therefore, he
20 should be eligible for parole after, at most, 25 years.  However, what Judge Sheldon is saying is
21 that petitioner's 25 years-to-life sentence essentially becomes a 25 year "determinate" sentence
22 which will conclude after 25 years.  At that point, petitioner will begin to serve the life sentence
23 which is "indeterminate"[2] because the length of that sentence is not fixed.  That sentence will be
24 deemed served after at least seven years and when petitioner is deemed eligible for parole.  Most
25 importantly, Judge Sheldon's statement that the 25 years-to-life sentence "be served first"

---

[2] While the phrases "determinate sentence" and "indeterminate sentence" have clear meaning within the context of criminal law, "determinative sentence" does not and "[i]ndeterminative" is not a word.  Such being the case, Judge Sheldon likely misspoke at petitioner's sentencing hearing, or his words were not accurately recorded.

1 | is a clear indication that it was not his intent that the 25 years-to-life sentence be the only
2 | sentence petitioner serves.
3 |     For all of the forgoing reasons, it is clear that petitioner is not entitled to habeas relief as to
4 | any claim that his MEPD should be calculated to reflect that petitioner only has to serve 25 years
5 | imprisonment rather than 32 years before being eligible for parole.  Accordingly, the court will
6 | recommend that petitioner's petition for writ of habeas corpus be summarily dismissed, and this
7 | case be closed.
8 |     In accordance with the above, IT IS HEREBY ORDERED that petitioner's request for
9 | leave to proceed in forma pauperis (ECF Nos. 2 & 4) is granted.
10 |     IT IS HEREBY RECOMMENDED that:
11 |     1. Petitioner's petition for writ of habeas corpus be summarily dismissed; and
12 |     2. This case be closed.
13 |     These findings and recommendations are submitted to the United States District Judge
14 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
15 | after being served with these findings and recommendations, petitioner may file written
16 | objections with the court.  Such a document should be captioned "Objections to Magistrate
17 | Judge's Findings and Recommendations."  In his objections petitioner may address whether a
18 | certificate of appealability should issue in the event he files an appeal of the judgment in this
19 | case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or
20 | deny a certificate of appealability when it enters a final order adverse to the applicant).  Petitioner
21 | is advised that failure to file objections within the specified time may waive the right to appeal the
22 | District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
23 | Dated: April 7, 2014

    _____
    CAROLYN K. DELANEY
    UNITED STATES MAGISTRATE JUDGE

1
more0657.dis