UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESMOND MICHAEL MORELAND,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JEFF MACOMBER,<br><br>　　　　Respondent. | No. 2:14-cv-0657 JAM CKD P<br><br><br><br>ORDER |

On June 20, 2014, petitioner filed a motion asking that this court reconsider its June 5, 2014 order adopting the magistrate judge's April 8, 2014 findings and recommendations thereby dismissing this action. A district court may reconsider a ruling under either Federal Rule of Civil Procedure 59(e) or 60(b). See Sch. Dist. Number. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Id. at 1263.

Petitioner does not present newly discovered evidence suggesting this matter should not be dismissed and there has not been a change in the law. Furthermore, the June 5, 2014 order adopting the April 8, 2014 findings and recommendations is neither manifestly unjust nor clearly erroneous. Accordingly, petitioner's motion for reconsideration will be denied. Two matters are worthy of further comment, however.

1    First, although the court did not explicitly state as much in its June 5, 2014 order, review
2    of the magistrate judge's findings and recommendations was de novo pursuant to 28 U.S.C. §
3    636(b)(1)(C) and Local Rule 304.
4    Also, petitioner asserts the court should vacate judgment in this case because the request
5    for judicial notice submitted with petitioner's objections to the magistrate judge's findings and
6    recommendations was never ruled upon.  The request was ignored because it is not proper.  The
7    court explicitly denies petitioner's request now.
8    First, petitioner points to a statements made by his trial judge at sentencing and by
9    Magistrate Judge Delaney in her findings and recommendations.  These statements are all matters
10    of record and are considered without any need for judicial notice under Federal Rule of Evidence
11    201.  Furthermore, the statements identified by petitioner are not facts capable of judicial notice.
12    They are either legal conclusions or comments upon the facts.
13    Second, petitioner points to statements made by him in his petition which is signed under
14    the penalty of perjury.  Petitioner's assertion that he has been in custody since 1999 is established
15    in the record (Pet., Ex. A at 16-17), so judicial notice of that fact is not necessary.  Petitioner's
16    assertion that a determinate term of 25 years imprisonment would give him a "calculated release
17    date fixed at approximately October 2024 as a MEPD" is not relevant to this action because
18    petitioner was not given a determinate sentence.  Finally, petitioner's statement which begins "[i]t
19    was my understanding . . ." is not capable of judicial notice because petitioner's state of mind is
20    not something "generally known within the trial court's jurisdiction," or that "can be accurately
21    and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R.
22    Evid. 201(b).
23    /////
24    /////
25    /////
26    /////
27    /////
28    /////

2

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's June 20, 2014 motion for reconsideration (ECF No. 11) is denied; and

2. Petitioner's April 24, 2014 motion for judicial notice is denied.

DATED: August 11, 2014

/s/ John A. Mendez_____

UNITED STATES DISTRICT COURT JUDGE